**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus VENEGAS–LARES,
Defendant–Appellant.**

No. 12–10642.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Nov. 26, 2013.

Patrick Edward McGillicuddy, I, Esquire, Law Offices of Patrick E. McGillicuddy, Phoenix, AZ, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Jesus Venegas–Lares appeals from the district court's judgment and challenges the 77–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Venegas–Lares contends that the district court procedurally erred by failing to address his argument that he was entitled to a variance because his prior felony conviction that resulted in a 16–level sentencing enhancement was different in kind and seriousness from other crimes of violence that trigger the same enhancement. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court entertained Venegas–Lares's arguments and adequately explained the sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc)

Venegas–Lares also argues that his sentence is substantively unreasonable be-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause the district court should have granted him a cultural assimilation departure and varied downward to avoid creating a unwarranted sentencing disparity between him and defendants with more violent and dangerous prior felony convictions. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is limited to determining whether the court imposed a substantively reasonable sentence. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1005–08 (9th Cir.2012), *cert. denied,* —— U.S. ——, 134 S.Ct. 76, 187 L.Ed.2d 60, 2013 WL 1841816 (U.S. Oct. 7, 2013). The district court did not abuse its discretion in imposing Venegas–Lares's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Venegas–Lares's extensive criminal history, the need to afford adequate deterrence, and to protect the public. *See id.; see also* U.S.S.G. § 2L1.2 cmt. n. 8 ("[A cultural assimilation] departure should be considered only ... [where it] is not likely to increase the risk to the public from further crimes of the defendant.").

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.